# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| **KURT TENGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case number 4:11cv0088 TCM |
| | ) | |
| **WASHINGTON GROUP** | ) | |
| **INTERNATIONAL, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

Kurt Tenge ("Plaintiff") alleges in his pending two-count complaint that, in discharging Plaintiff, his former employer, defendant Washington Group International, Inc. ("Defendant"), interfered with or retaliated against him for his assertion of his rights under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601-2654, in violation of the public policy of Missouri (Count I) and discriminated against him based on his age and disabilities in violation of the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. §§ 213.010 -213.137 (Count II).[1] Defendant moves to dismiss Count I on the grounds that it is precluded by the exclusive remedies of the FMLA. This motion is uncontested.

## Background

Plaintiff alleges that he did commercial refrigeration work for approximately thirty-one years, until he was terminated in October 2009; he was between forty and seventy years

---

[1] The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

old at the time of his termination; and he had certain disabilities. (Pl. Compl. ¶¶ 3, 12 [Doc. 5].) Specifically, Plaintiff alleges he has "been diagnosed with juvenile diabetes, diabetic neuropathy, [and] peripheral neuropathy[;] and ha[d] repeated surgery to his left leg." (Id. ¶ 14.)

On October 21, 2009, he and another employee were "installing a control panel that was not energized, securing a piece of conduit, without wiring then being in place, [and Plaintiff] reported that he felt a mild electrical shock." (Id. ¶ 4.) The employee Plaintiff was working with allegedly did not complain of injury, seek medical treatment, or report an injury to that employee's supervisor. (Id. ¶ 5.) Plaintiff further alleges that neither he nor the other employee sustained an injury at that time, that he was not a managerial employee, and that he "was not responsible for receiving or accepting reports of injury from fellow employees." (Id. ¶¶ 7, 8.) "Plaintiff was subsequently accused of safety violations or causing an injury to his fellow employee and was thereafter terminated" on October 30, 2009. (Id. ¶ 9.)

Plaintiff alleges that he was discharged because of his age, his physical disabilities, and "his record of physical injuries within the past five years which caused him to be away from work for some period of time on family medical leave or on leave without pay." (Id. ¶ 13.) He allegedly

> had issues with [Defendant] concerning his requests for status under the . . . FMLA . . . and for an extension of short term disability as a result of his continuing disability, which . . . resulted in surgeries to his left leg, surgery for low back disk herniation, and surgery on his right knee in 2009.

> Plaintiff [also] avers and states he was ordered to return to work while his left leg was still healing and his left foot was in a boot, since short term disability would not be extended and he would otherwise be subject to firing.
>
> [Additionally, Plaintiff alleges that] Defendant's Human Resources Department refused to provide family medical leave status when he was ordered back to work while still healing.

(Id. ¶¶ 15-17.)

In Count I, Plaintiff seeks relief for wrongful termination based on Defendant's violation of Missouri public policy. (Id. at 4-5.) Specifically, Plaintiff alleges that he "had previously made multiple complaints to Defendant's Human Services Department concerning his eligibility for family medical leave and believes he was terminated because of the exercise of his right to seek family medical leave and other benefits, all in violation of the public policy of the State of Missouri." (Id. ¶ 22.) Plaintiff seeks as relief on this claim back pay, front pay, attorney's fees, and costs. (Id. at 5.)

In Count II, Plaintiff incorporates all of the allegations from Count I and alleges that he

> was discharged because of a combination of reasons, including his age, his ongoing disabilities, and the fact that he complained of his right to seek family medical leave and other benefits provided to other similarly situated employees of Defendant.

(Id. ¶ 24.) Plaintiff seeks lost wages, attorney's fees, costs, and expenses for Defendant's alleged violation of the MHRA. (Id. at 5.)

Defendant relies on **O'Neill v. Major Brands, Inc.**, No. 4:06cv0141 TCM, 2006 WL 1134476 (E.D. Mo. Apr. 26, 2006), as support for its motion for dismissal of Count I. In

particular Defendant argues that the FMLA provides a private cause of action to an employee discriminated against for exercising rights under the FMLA, 29 U.S.C. § 2615, and, as **O'Neill**, supra, decided, remedies available under the FMLA are the exclusive remedies available to such an employee. Because Plaintiff does not seek relief under the FMLA in Count I, Defendant urges the Court to dismiss that Count.

## Discussion

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed if it fails to state a claim. When ruling on a Rule 12(b)(6) motion to dismiss, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. **Ashcroft v. Iqbal**, 129 S. Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" **Twombly**, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2) and then Conley v. Gibson, 355 U.S. 41, 47 (1957), abrogated by Twombly, supra); see also **Gregory v. Dillard's Inc.**, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S. Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. **Twombly**, 550 U.S. at 555; accord **Iqbal**, 129 S.Ct. at 1949. The complaint

must set forth "enough facts to state a claim to relief that is plausible on its face." **Twombly**, 550 U.S. at 570; accord **Iqbal**, 129 S.Ct. at 1949; **Braden v. Wal-Mart Stores, Inc.**, 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." **Iqbal**, 129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be dismissed. **Twombly**, 550 U.S. at 570; accord **Iqbal**, 129 S.Ct. at 1950-51. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." **Braden**, 588 F.3d at 594.

In Missouri, generally, an employer can discharge an at-will employee, such as Plaintiff, for any reason. **Keveney v. Missouri Military Acad.**, 304 S.W.3d 98, 101 (Mo. 2010) (en banc). There is, however, a public policy exception to this at-will employment doctrine. **Fleshner v. Pepose Vision Inst., P.C.**, 304 S.W.3d 81, 92 (Mo. 2010) (en banc). This exception provides that

> [a]n at-will employee may not be terminated (1) for refusing to violate the law or any well-established and clear mandate of public policy as expressed in the constitution, statutes, regulations promulgated pursuant to statute, or rules created by a governmental body or (2) for reporting wrongdoing or violations of law to superiors or public authorities. . . . If an employer terminates an employee for either reason, then the employee has a cause of action in tort for wrongful discharge based on the public-policy exception.

**Id.** Punitive damages are recoverable under the public policy exception to the at-will employment doctrine. **Id.** at 96. The claim in Count I of Plaintiff's complaint is based on the

public policy exception to the at-will employment doctrine and arises out of Defendant's alleged violation of the FMLA only.

The FMLA entitles eligible employees to take up to twelve work-weeks of unpaid leave annually due to a "serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). The FMLA also provides that it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right" under the FMLA. 29 U.S.C. § 2615(a)(1). An employer found liable under the FMLA may be accountable to the employee for lost wages and benefits, plus interest; liquidated damages; attorney's fees; and costs. 29 U.S.C. §§ 2617(a)(1), (3). Punitive damages are not recoverable under the FMLA. **Alvarez v. Hi-Temp Inc.**, No. 03 C 2610, 2004 WL 603489, at *4 (N.D. Il. Mar. 24, 2004).

In **O'Neill**, the case on which Defendant relies to support the dismissal of Count I, the plaintiff asserted two claims, that the employer violated the FMLA by terminating the plaintiff's employment "while she was on an approved medical leave of absence" and that the employer violated "the public policy of Missouri by doing so." **O'Neill**, 2006 WL 1134476 at *1 (E.D. Mo. Apr. 26, 2006). The Court dismissed the state law claim based on the public policy exception upon concluding that the remedies provided by the FMLA are intended to be the exclusive remedies for a Missouri public policy employment discharge claim based on violations of the FMLA. **Id.** at 2-3.

As in **O'Neill**, Plaintiff here asserts a Missouri public policy employment discharge claim based only on violations of the FMLA. Specifically, in support of his Missouri public policy employment discharge claim, Plaintiff alleges he was terminated after Defendant refused his request for FMLA leave status while he was healing and after he made statements to Defendant's Human Resources Department regarding his eligibility for leave under the FMLA, "all in violation of the public policy of the State of Missouri." Because the FMLA provides the exclusive remedy for employment discharge claims based on violations of the FMLA, Plaintiff's public policy employment discharge claim will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss Count I [Doc. 10] is **GRANTED**.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  29th  day of April, 2011.